IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ROSE MARIE SMITH, | |
|       Plaintiff, | CIVIL ACTION NO.: 5:19-cv-106 |
|    v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
|       Defendant. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff contests the decision of Administrative Law Judge Antony Saragas ("the ALJ") denying her claim for Supplemental Security Income. Plaintiff urges the Court to reverse and remand the ALJ's decision for rehearing. Doc. 12 at 19. For the reasons discussed below, I **RECOMMEND** the Court **AFFIRM** the Commissioner's decision. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

Plaintiff applied for Supplemental Security Income on January 21, 2016, alleging she became disabled on December 31, 2008. Doc. 10-6 at 2 (R. 223); Doc. 10-9 at 2 (R. 390). Plaintiff later amended the start date of her diability to the date of her application. Doc. 10-9 at 15 (R. 403). Plaintiff's claim was denied initially and upon reconsideration. Doc. 10-4 at 4–39 (R. 113–38); Doc. 10-7 at 2–6, 13–15 (R. 241–45, 252–54). The ALJ also denied Plaintiff's claim for Supplemental Security Income on January 15, 2019, after holding two hearings. Doc. 10-4 at 7, 22 (R. 116, 131). The ALJ first held a video hearing on March 7, 2018. Id. at 7

(R. 116).  The ALJ held a supplemental video hearing on November 15, 2018.  Id.  Kenneth L. Bennett, a vocational expert, appeared and testified at the second hearing.  Id.  The ALJ found Plaintiff was not disabled under the Social Security Act ("the Act") since January 21, 2016, the date of application.  Doc. 10-4 at 8 (R. 117).  The Appeals Council denied Plaintiff's request for review.  Doc. 10-2 at 4–9 (R. 3–8).

Plaintiff was 43 years old at the time of application and 46 years old at the time of the ALJ's decision.  Doc. 10-9 at 2 (R. 390); Doc. 10-4 at 8 (R. 117).  Plaintiff has a sixth grade education and no past relevant work history. Doc. 10-4 at 77 (R. 186); Doc. 10-10 at 7 (R. 414).  The ALJ found Plaintiff suffers from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), obesity, history of congestive heart failure, history of cirrhosis, anxiety, depression, post-traumatic stress disorder ("PTSD"), and history of polysubstance abuse.  Doc. 10-4 at 10 (R. 119).  The ALJ also found Plaintiff suffers from the following non-severe impairments: history of vision deficits, irritable bowel syndrome, and history of cervical/lumbar and shoulder strain, status post motor vehicle accident.  Id.  The principle dispute before the Court is whether the ALJ properly discounted the findings of a consulting physician, Dr. Brian Chadwick.

## DISCUSSION

I. **The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity."  Id.  If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.  Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and is acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments."  Id. at 693–94 (ellipsis in

original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

In this case, the ALJ followed this sequential process and determined Plaintiff did not engage in substantial gainful activity since January 21, 2016, the application date.  Doc. 10-4 at 9 (R. 118).  At step two, the ALJ determined Plaintiff had the following combination of severe impairments: COPD, obesity, history of congestive heart failure, history of cirrhosis, anxiety, depression, PTSD, and history of polysubstance abuse.  Id. at 10 (R. 119).  At step three, the ALJ determined Plaintiff's impairments did not meet or medically equal the severity of one of the impairments listed in the regulations.  Id.

The ALJ found Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 416.967(b), except she can lift only a maximum of 10 pounds.  Id. at 14 (R. 123).  The ALJ explained Plaintiff "can frequently balance, occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs," but "[s]he should not climb ladders, ropes, or scaffolds, nor be involved with workplace hazards such as unprotected heights or moving mechanical parts."  Id.  The ALJ also concluded Plaintiff could occasionally operate foot controls and could sustain occasional exposure to pulmonary irritants and temperature extremes.  Id.  The ALJ stated Plaintiff could complete simple routine repetitive tasks and instructions.  Id.  Despite her mental health issues, Plaintiff can have occasional interaction with co-workers and tolerate occasional changes in her work environment.  Id.  When determining whether Plaintiff

4

could perform light work, the ALJ afforded Dr. Chadwick's opinion ("the May 19 opinion") some weight as a consulting physician.[1]  Id. at 20 (R. 129).

Plaintiff does not have any past relevant work to analyze at step four.  Id.  Therefore, the ALJ moved on to the fifth and final step.  At step five, the ALJ determined there are jobs that exist in significant numbers in the national economy Plaintiff could perform.  Id. at 21 (R. 130).  Because of Plaintiff's ability to perform light work, the ALJ concluded Plaintiff could perform the following unskilled jobs at the sedentary exertional level: table worker, tube operator, and stuffer.  Id.

## II.     Issues Presented

Plaintiff argues the ALJ erred by discounting Dr. Chadwick's opinion, and the ALJ did not provide adequate reasons supported by substantial evidence regarding why he discounted the opinion.

## III.    Standard of Review

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for

---

[1]     Plaintiff and Defendant acknowledge in their briefs the opinion following Dr. Chadwick's examination—the opinion in question—is signed by Dr. Shed Stormant, another doctor in Dr. Chadwick's practice, and does not appear have been actually written by Dr. Chadwick. Doc. 13 at 12 n.4; Doc. 12 at 10 n.69.  The opinion appears to have been prepared the same day as Dr. Chadwick's May 19, 2018 examination of Plaintiff.  Doc. 10-30 at 14, 30 (R. 2079, 2095).  The Court refers to this opinion as "the May 19 opinion."  Despite Dr. Stormant's signature on the document, the ALJ refers to this opinion as Dr. Chadwick's opinion. Doc. 10-4 at 19 (R. 128).  Nevertheless, Plaintiff does not argue this was error before this Court. See Doc. 12; 14.  Ultimately, the ALJ considered Dr. Chadwick's treatment notes and the May 19 opinion together and concluded the notes and opinion were inconsistent.  Doc. 10-4 at 19–20 (R. 127–28).

5

that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.    Whether the ALJ Provided Reasons Supported by Substantial Evidence for Discounting the May 19 Opinion**

Plaintiff asserts the ALJ improperly discounted the May 19 opinion. Doc. 12 at 11–18. Although the ALJ gave some weight to the May 19 opinion, Plaintiff argues the ALJ did not

6

provide sufficient reasons supported by substantial evidence for giving less weight to the opinion. Id. at 10.  In particular, Plaintiff maintains the ALJ should have addressed Dr. Chadwick's examination findings of wheezing, prolonged expiratory phase, and dyspnea on exertion. Id. at 12–14.  Plaintiff argues these examination findings are consistent with the limitations set forth in the May 19 opinion. Id.  Thus, the ALJ should have given the May 19 opinion more than some weight. Id. at 10.  Plaintiff further argues the ALJ should have specifically stated which limitations discussed in the May 19 opinion he accepted or did not accept and why. Id. at 14.  Plaintiff contends the ALJ should have specifically identified the examination observations which conflicted with each limitation identitified in the May 19 opinion. Id. at 17.  Thus, Plaintiff principally argues the ALJ did not sufficiently explain his decision, not that the ALJ's decision as a whole lacked any evidentiary support.

Defendant argues the May 19 opinion is not entitled to any deference because Dr. Chadwick is only a consulting physician. Doc. 13 at 5.  Defendant further reasons the ALJ properly discounted the opinion because it contradicted Dr. Chadwick's examination findings. Id. at 8–10.  Defendant asserts the ALJ did sufficiently state which portions of the May 19 opinion he accepted and rejected by explaining why Plaintiff could perform light work. Id. at 8–9.  Defendant states the ALJ is not required to acknowledge every piece of evidence in his decision as long as the decision is supported by substantial evidence, which is the case here. Id. at 9–10.  Finally, Defendant reasons Plaintiff has not met her burden of proving she cannot perform the sedentary jobs the ALJ identified. Id. at 13.

Plaintiff replied, arguing again the ALJ did not provide reasons for allocating diminished weight to the May 19 opinion. Doc. 14 at 1–2.  Plaintiff also claims the ALJ failed to

acknowledge the examination findings favorable to her.  Id.  Plaintiff argues the ALJ erred by only discussing the evidence supporting his conclusion.  Id. at 2.

The ALJ need only "state with particularity the weight given to different medical opinions and the reasons therefor" so the reviewing court can determine whether the ALJ's decision is rational and supported by substantial evidence.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).  While an ALJ needs good cause to reject opinions of treating physicians, no similar deference applies to consulatative experts like Dr. Chadwick.  Id. at 1179.  For example, in Crawford v. Commissioner of Social Security, the Eleventh Circuit Court of Appeals concluded, "The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight."  363 F.3d 1155, 1160 (11th Cir. 2004) (citing McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987)).  In Crawford, the Eleventh Circuit held the ALJ did not err in rejecting the consultative expert's opinion when it was inconsistent with another psychiatrist's opinion.  Id.  Thus, an ALJ's decision to reject the opinion of a consultative expert should be affirmed, as long as the ALJ gives reasons stated "with particularity" and the ALJ's decision on the whole is supported by substantial evidence.  Winschel, 631 F.3d at 1178–79.

The ALJ addressed the May 19 opinion's findings in detail.  Doc. 10-4 at 15, 19–20 (R. 124, 128–29).  The ALJ discussed the May 19 opinion that Plaintiff could "sit, stand and walk for two hours each of an 8-hour workday and for 10 to 15 minutes at a time."  Id. at 19 (R. 128). The ALJ further discussed the May 19 opinion that Plaintiff was "limited to frequent reaching, handling, fingering, feeling, pushing and/or pulling" and "should never climb ramps, stairs, ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, or crawl."  Id.  Finally, the ALJ

discussed the May 19 opinion that Plaintiff "should not be exposed to heights, mechanical parts, operating a motor vhicle, exposure to pulmonary irritants, extreme heat, vibrations, occasional humidity and wetness, and extreme cold." Id. at 19–20 (R. 128–29).

Contrary to Plaintiff's assertions, the ALJ did provide a valid reason for discounting the May 19 opinion. The ALJ explained he only gave the opinion "some weight" because the May 19 opinion was not supported by Dr. Chadwick's examination findings. Id. at 20 (R. 129). The ALJ's reason for attributing diminished weight to the May 19 opinion is supported by substantial evidence within Dr. Chadwick's own examination report. Doc. 10-30 at 18–19 (R. 2083–84). The ALJ fully explained Dr. Chadwick's observations upon examination. Doc. 10-4 at 20 (R. 129). The ALJ noted Dr. Chadwick observed Plaintiff had normal strength and range of motion and could rise from a sitting or squatting position with ease, get up and down from the exam table, walk on heels and toes with ease, bend, walk in tandem, and hop on either foot bilaterally. Id. These observations are consistent with the performance of light work and inconsistent with the limitations discussed in the May 19 opinion. See 20 C.F.R. § 416.967(b). The ALJ's in-depth discussion of both the examination observations and findings of the May 19 opinion indicate the ALJ reviewed the evidence in full. The ALJ gave Dr. Chadwick's findings upon examination more weight than the limitations within the May 19 opinion. Doc. 10-4 at 20 (R. 129). This Court should not reweigh evidence. Winschel, 631 F.3d at 1178 (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Dyer, 395 F.3d at 1210)).

Plaintiff argues the ALJ substituted his own intuition for the diagnosis of a medical professional, doc. 12 at 18. However, there is no support in the record for this conclusion. Instead, the ALJ recognized clear inconsistencies between Dr. Chadwick's examination findings and other evidence on one hand and the May 19 opinion on the other. Doc. 10-4 at 20 (R. 129).

9

The ALJ weighed various pieces of medical evidence against each other, as he should, and did not give preference to his personal beliefs, as Plaintiff asserts.

Plaintiff further reasons the ALJ did not make individual findings relating to sitting, standing, and walking. Doc. 12 at 12. However, the ALJ did assess Plaintiff's ability to walk on heals and toes, get up and down from the exam table, and rise from a squatting position when assessing Dr. Chadwick's examination. Doc. 10-4 at 20 (R. 129). Even though the ALJ did not quote these specific passages of Dr. Chadwick's examination, Dr. Chadwick concluded "[t]he claimant has no limitations with sitting or standing" and "claimant would be fine in normal 8-hour work day with breaks." Doc. 10-30 at 19 (R. 2084). The ALJ stated he gave Dr. Chadwick's opinion some weight and summarized Dr. Chadwick's examination findings relating to sitting, standing, and walking. Doc. 10-4 at 20 (R. 129). Although the ALJ could have been more precise, he was not required to do so. The ALJ's failure to state exactly how much Plaintiff can sit, stand, and walk is not reversible error when he has reviewed all of the evidence. Freeman v. Barnhart, 220 F. App'x 957, 960 (11th Cir. 2007). Even so, the jobs the ALJ identified Plaintiff could perform are at the lowest exertional level of sedentary. Doc. 10-4 at 21 (R. 130). Jobs at such a level are "for the most part, seated jobs." Id. at 91 (R. 200). Plaintiff has not met her burden of proving she is incapable of performing the sedentary jobs the ALJ identified. Doughty v. Apfel, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001); Doc. 10-4 at 21 (R. 130).

Further, the ALJ's finding that Plaintiff could perform light work is supported by other substantial evidence in the record. For example, Plaintiff reported moving a couch and performing household chores from 30 minutes to 2 to 3 hours at a time. Doc. 10-27 at 19 (R. 1754); Doc. 10-30 at 7 (R. 2072). Plaintiff was identified to have clear lungs and no

respiratory distress on multiple occasions. See, e.g., Doc. 10-4 at 15 ( R. 124); Doc. 10-24 at 99 (R. 1564); Doc. 10-27 at 21 (R. 1756); Doc. 10-27 at 35 (R. 1770). Even though Plaintiff cites evidence she claims supports the limitations identified in the May 19 opinion, doc. 12 at 14–16, this Court must affirm if substantial evidence supports the ALJ's decision. Dyer, 395 F.3d at 1210. The district court should not reweigh evidence on appeal. Winschel, 631 F.3d at 1178 (citation omitted); Dyer, 395 F.3d at 1210.

Even though the ALJ did not expressly discuss every aspect of the May 19 opinion and Dr. Chadwick's examination report which is favorable to Plaintiff, this alone is not error by the ALJ when the decision is supported by substantial evidence. Dyer, 395 F.3d at 1210. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." Id. at 1211 (quotation and brackets omitted). Given the in-depth discussion of Plaintiff's abilities and limitations supported by record evidence, the ALJ did consider the Plaintiff's medical condition as a whole. Doc. 10-4 at 14–20 (R. 123–29). The ALJ did not broadly reject the May 19 opinion and Dr. Chadwick's examination report. Id. at 20 (R. 129). The ALJ specified he gave these pieces of evidence some weight. Id. In fact, the ALJ appears to have limited Plaintiff's light work abilities to only lifting 10 pounds specifically because of these May 19 opinion and Dr. Chadwick's examination report. Id. at 14 (R. 123).

Although Plaintiff argues the ALJ should have specified which limitations of the May 19 opinion were or were not accepted and why, Plaintiff does not cite any authority holding such in-depth explanation by the ALJ is required. Doc. 12 at 14. The ALJ need only give sufficient reasons to allow a reviewing court to assess the decision. See Dyer, 395 F.3d at 1211. The ALJ

11

has done so here.  Doc. 10-4 at 19–20 (R. 128–29).  The ALJ impliedly identified which limitations were or were not accepted in his analysis of Plaintiff's ability to perform light work with certain limitations.  Doc. 10-4 at 14 (R. 123).  Therefore, the ALJ did not err.

## CONCLUSION

The ALJ's decision is supported by enough evidence that a reasonable mind would accept as adequate.  Ingram, 496 F. 3d at 1260.  It also appears the ALJ applied the appropriate legal standards and has provided this Court with sufficient information to review the decision.  Martin v. Sullivan, 894 F.2d at 1529; Doc. 10-4 at 8–9 (R. 117–18).  Therefore, the ALJ has not erred.  Accordingly, I **RECOMMEND** the Court **AFFIRM** the decision of the Commissioner.  I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 19th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA